IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW WARD,

    Plaintiff,

v.

DENNIS MITCHELL; FARM HAND PRODUCTIONS, INC., dba FUTURE FARMER RECORDINGS; and DOES 1–50, inclusive,

    Defendants.
                                   /

No. C 12-03932 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this copyright-infringement action, defendants move to dismiss the action pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**. The hearing scheduled for November 1, 2012 is **VACATED**.

## STATEMENT

According to the first amended complaint, whose allegations must be accepted as true on this motion to dismiss, plaintiff Matthew Ward is a famous musical recording artist and songwriter. In 2001, plaintiff wrote fifteen compositions in an album entitled "End of Amnesia" that was released by defendant Dennis Mitchell, president of defendant Farm Hand Productions, Inc., dba Future Farmer Recordings, Inc. Prior to recording the musical compositions, and until 2011, plaintiff's complaint alleges that defendant Mitchell repeatedly made oral and written

representations that defendants would enter into a written agreement to pay plaintiff certain amounts for the right to use sound recordings and musical compositions embodied in "End of Amnesia" (First Amd. Compl. ¶ 40). Although the parties were in negotiations to enter into a written recording agreement, they never entered into nor executed one. Plaintiff, however, created sound recordings of the musical compositions that made up "End of Amnesia" and allowed defendants to hold the masters pending the execution of a written agreement (*id*. at ¶ 41). Plaintiff registered the copyrights for "End of Amnesia" in 2005 (*id*. at ¶ 12; Exh. A)

Plaintiff initially filed a lawsuit in December 2011 in San Francisco Superior Court, alleging that defendants were distributing and selling plaintiff's copyrighted material without a license. Plaintiff alleged that defendants have failed to properly compensate plaintiff for the distribution and sale of "End of Amnesia." Instead of removing to federal court, defendant Mitchell served a demurrer arguing that the complaint must be dismissed since the claims relating to copyright infringement must be heard in federal court. Plaintiff dismissed the state action without prejudice in lieu of filing an opposition to the demurrer. The state court action was dismissed in its entirety in June 2012. Plaintiff then commenced this action. Defendants now move to dismiss plaintiff's first amended complaint in its entirety.

## ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). On a motion to dismiss, a court may consider materials "submitted with and attached to" the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 998–999 (9th Cir. 2011). All material allegations of the complaint are to be taken as true and considered in the light most favorable to the nonmoving party. *Ibid*. The complaint must contain sufficient factual matter to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**1. RES JUDICATA.**

Under 28 U.S.C. 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. *Migra v. Warren City Sch.*

2

1  *Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir.
2  2004). Pursuant to California Code of Civil Procedure Section 581(c), "[a] plaintiff may
3  dismiss his or her complaint . . . without prejudice prior to the actual commencement of trial."
4  Consequently, "a voluntary dismissal without prejudice is not a final judgment on the merits."
5  *Associated Convalescent Enterprises v. Carl Marks & Co.*, 33 Cal. App. 3d 116, 121
6  (1973). Here, plaintiff's voluntary dismissal of the state action, without prejudice,
7  before any adjudication on the merits, did not bar plaintiff from filing in federal court.
8  Accordingly, defendants' motion to dismiss plaintiff's complaint on grounds of res
9  judicata is **DENIED**.

### 2. STATUTE OF LIMITATIONS.

Defendants' argument here is ambiguous. Although the heading reads "Plaintiff [sic] First Amended Complaint Facially Violated of [sic] the Statute of Frauds," defendants' argument makes no mention of the statute of frauds. Instead, defendants refer only to the statute of limitations. Accordingly, this order assumes that defendants are making an argument for dismissal based upon the statute of limitations, although defendants do not specify which claim is barred. The statute of limitations for all of the claims for relief in plaintiff's first amended complaint is four years or less.

The statute of limitations does not bar plaintiff's claims as pled. The damages sought cover the last four years. To the extent that the complaint seeks damages for incidents occurring more than four years ago, the damages will likely be barred by statute of limitations. At this time, there is no necessity for such a determination without a more complete record. Accordingly, defendants' motion to dismiss based on the statute of limitations is **DENIED**.

### 3. BREACH OF ORAL CONTRACT.

From 2001 until 2011, plaintiff allegedly had an oral agreement with defendants wherein he would allow defendants to use his copyrighted music in exchange for bi-annual accounting and payment of royalties (First Amd. Compl. ¶ 63). The complaint also alleges that the agreement included a promise by defendants to enter into a written recording agreement, which defendants have failed to perform (*ibid.*). At this pleading stage, this order finds that plaintiff

3

1  adequately set forth facts alleging: (1) the existence of the oral contract; (2) that the parties
2  entered into the agreement with an intent to be bound; (3) that plaintiff performed the oral
3  contract; (4) that defendants breached the contract; and (4) that plaintiff has suffered damages
4  resulting from this breach. *See First Commercial Mortgage Co. v. Reese*, 89 Cal. App. 4th 731,
5  745 (2001). Accordingly, defendants' motion to dismiss plaintiff's claim for breach of oral
6  contract is **DENIED**.

### 4. FRAUD AND DECEIT.

Rule 9(b) imposes a "particularity" requirement on "all averments of fraud and mistake." To allege a claim of fraud under California law, a plaintiff must plead (1) a misrepresentation; (2) knowledge of falsity or scienter; (3) intent to induce reliance; (4) justifiable reliance; and (5) and resulting damages. *Engalla v. Permanente Med. Group*, 15 Cal. 4th 951, 974 (1997).

The complaint alleges that from 2001 until 2011, defendant Mitchell repeatedly made oral and written representations that defendants would enter into a written agreement to pay plaintiff certain amounts for the right to use sound recordings and musical compositions embodied in "End of Amnesia" (First Amd. Compl. ¶ 40). The complaint alleges that defendant Mitchell made the false promises to induce plaintiff to create the record so that defendants could then take possession of the production masters to exploit the sound recordings and musical compositions (*ibid.*). According to the complaint, when defendant Mitchell made the representations, defendant Mitchell knew them to be false and made them with the intention to deceive and induce plaintiff to act in reliance (*ibid.*). At the time these representation were made, plaintiff believed them to be true, and consequently did record the compositions and allowed defendants to hold the master pending the execution of a written agreement (*id.* at ¶ 41). According to the complaint, plaintiff's reliance on defendants' representation was justified because defendants took initial steps to abide by a written agreement; consequently, the fraud and deceit of defendants was not discovered until July 2011, when defendants allegedly made it clear that they were not going to pay plaintiff or enter into a written recording agreement (*id.* at ¶¶ 41–42). As a proximate result of defendants' conduct, plaintiff was induced to expend time,

4

money, and efforts to provide services and compositions to defendants for purposes of exploitation (*id.* at ¶ 43).

Based on the foregoing, plaintiff adequately pled fraud in compliance with Rule 9(b). Accordingly, defendants' motion to dismiss plaintiff's claim for fraud is **DENIED**.

\*          \*          \*

Defendants seek judicial notice of a "cease and desist" email from plaintiff's attorney to defendant Mitchell. Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (*citing Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998)). A court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. An ordinary email is not the sort of document that deserves judicial notice. Consequently, this order declines to extend judicial notice to defendants' Exhibit Number 1; however, if and when properly authenticated, this email would be strong evidence against plaintiff's fraud claim. Also, it is worth noting that one can only wonder, if the allegations are true, why plaintiff sat on his rights for almost a dozen years, knowing full well that he had been defrauded; still, we are only at the pleading stage and the claim must go forward.

### 5. CONVERSION/MISAPPROPRIATION.

A conversion occurs where someone wrongfully exercises dominion over the property of another. *Greka Integrated, Inc. v. Lowry*, 133 Cal. App. 4th 1572 (2005). To establish conversion, a plaintiff must show (1) his ownership of or right to possess the property at the time of conversion; (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act; and (3) damages. *Messerall v. Fulwider*, 199 Cal. App. 3d 1324 (1988). A plaintiff in a conversion action must also prove that it did not consent to defendants' exercise of dominion. *Bank of New York v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).

The complaint alleges that defendants have converted profits that derive from the distribution and sales of all musical compositions and sound recordings that comprise "End of

Amnesia" (First Amd. Compl. ¶ 16). "A specific and identified amount of money can form the basis of a conversion claim, but when the money is not identified and not specific, 'the action is to be considered as one upon contract or for debt and not for conversion.'" *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1024 (N.D. Cal. 2008) (Illston, J.) (*citing Baxter v. King*, 81 Cal. App. 192, 253 (1927)). Here, because the complaint does not allege an identified or specific sum, defendants' motion to dismiss plaintiff's claim for conversion of money is **GRANTED**. The complaint also alleges, however, conversion by defendants as to the master recordings and all related elements (Prayer ¶ 10). This claim for conversion is valid, and therefore, defendants' motion to dismiss plaintiff's claim for conversion of the "master recordings and all related elements" is **DENIED**.

### 6. COPYRIGHT INFRINGEMENT.

To establish a claim for copyright infringement, a plaintiff must prove (1) ownership of the copyright in question; and (2) that defendants violated one of the exclusive rights granted to the copyright's holder. 17 U.S.C. 501(b). The complaint alleges that, since June 16, 2005, plaintiff is the exclusive owner of the copyrights in and to the musical compositions and sound recordings that make up "End of Amnesia" (First Amd. Compl. ¶ 12; Exh. A). The complaint alleges that without plaintiff's consent or authorization, defendants' advertising and display of the copyrighted compositions and sound recordings that make up "End of Amnesia" is an unauthorized public display of plaintiff's copyrighted works. 17 U.S.C. 106(5). Additionally, the complaint alleges that the marketing of such alleged infringing goods is an unauthorized distribution of plaintiff's copyrighted works. 17 U.S.C. 106(3).

Defendants move for dismissal of plaintiff's copyright infringement claim based on 17 U.S.C. 412, which provides for no award of statutory damages or attorney's fees for any infringement of copyright commenced after first publication of the work and before the effective date of its registration. Thus, according to defendants' argument, plaintiff's copyright claims should be dismissed as to any alleged infringement that occurred prior to June 16, 2005, the date of registration. Whether or not plaintiff may recover statutory damages or attorney's fees for a certain period of time is not indicative of plaintiff's failure to plead sufficient facts to support

1 his copyright infringement claim. Accordingly, defendants' motion to dismiss plaintiff's
2 copyright infringement claim is **DENIED**.

### 7. ACCOUNTING.

The complaint alleges that the amount of money plaintiff is due from the musical compositions and sound recordings from "End of Amnesia" is not wholly known and cannot be ascertained without a full complete accounting (First Amd. Compl. ¶ 23). A request for legal accounting must be tethered to a relevant actionable claim, and the complaint must allege: (1) a relationship or other circumstances appropriate to the remedy; and (2) a balance due from the defendant to the plaintiff that can only be ascertained by an accounting. *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934). Defendants assert that plaintiff did not allege any facts demonstrating a fiduciary relationship. A fiduciary relationship between the parties, however, is not required to state a cause of action for accounting; all that is required is that some relationship exists that requires an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). The facts alleged in the complaint establish such a relationship and the potential need for accounting. Accordingly, defendants' motion to dismiss plaintiff's claim for accounting is **DENIED**.

### 8. SECTION 17200.

California Business and Professions Code Section 17200 prohibits unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. "Each prong of [Section 17200] is a separate and distinct theory of liability." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009). Defendants argue that plaintiff's Section 17200 claim is insufficiently pled because plaintiff fails to allege that defendants violated any of the three prongs (Br. 9). Underlying this claim is the allegation that defendants attempted to take complete control over the copyrighted works and profitably promoted their record label by representing to the public that they had the authority and consent to exploit plaintiff's copyrighted material (First Amd. Compl. ¶ 36).

A claim based on the unlawful business and practice prong of Section 17200 incorporates other laws and treats violations of those laws as unlawful business practices independently

1  actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048
2  (9th Cir. 2000). While plaintiff's allegations *may* support a claim that defendants violated a law,
3  it is unclear from plaintiff's pleading what he claims the underlying violation to be.

4  Likewise, a claim based on the unfair business act or practice prong of Section 17200
5  must be tethered to allegations that defendants violated another law. *Scripps Clinic v. Superior*
6  *Court*, 108 Cal. App. 4th 917, 938 (2003). The operative pleading must allege the way in
7  which the practices violated the "borrowed" law by "stat[ing] with reasonable particularity the
8  facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*,
9  14 Cal. App. 4th 612, 618–19 (1993). Plaintiff has not explained how his allegations against
10 defendants demonstrate that defendants violated an underlying constitutional or statutory
11 provision. In order to prevail under the unfair prong of Section 17200, plaintiff must plead
12 with greater specificity how defendants' alleged actions violated another law.

13 Lastly, in order to state a claim under the fraudulent business act or practice of
14 Section 17200, a plaintiff must meet the heightened pleading standards for fraud mandated
15 by Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). A "fraudulent"
16 business practice under [Section 17200] is one in which the members of the public are likely
17 to be deceived. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Merely alleging that
18 defendants deceived the public by "representing . . . that they have the authority and consent
19 to exploit [p]laintiff's copyrighted material," without more specificity, does not satisfy Rule 9b's
20 particularity requirements.

21 Thus, plaintiff has failed to state a claim for relief under any of the three prongs of
22 liability. Accordingly, defendants' motion to dismiss the Section 17200 claim is **GRANTED**.

23 **9.  CIVIL CODE SECTION 3344 AND RIGHT OF PUBLICITY.**
24 California Civil Code Section 3344 provides in relevant part:

> [a]ny person who knowingly uses another's name, voice, signature,
> photograph, or likeness, in any matter . . . for purposes of
> advertising or selling, . . . of products . . . without such person's
> prior consent . . . shall be liable for any damages sustained by
> the person or persons injured as a result thereof.

8

To sustain a claim for commercial misappropriation, a plaintiff must prove (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).

Defendants argue that plaintiff's publicity claim is preempted by the Copyright Act. Section 301 of the Copyright Act provides for exclusive jurisdiction over rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in the Act. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146 (9th Cir. 2010). Our court of appeals has adopted a two-part test to determine whether a state-law claim is preempted by the Copyright Act:

> We must first determine whether the "subject matter" of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, assuming that it does, we must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders.

*Ibid.* (*citing Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006)).

Whether a claim is preempted under Section 301 turns on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright. *Jules*, 617 F.3d at 1154–55. Here, the complaint alleges that "[d]efendants have knowingly misappropriated [p]laintiff's name and likeness for commercial purposes, including the unauthorized commercial use of [p]laintiff's name and likeness within the promotion of [d]efendants' record label and related website promoting such label" (First Amd. Compl. ¶ 48). This order finds that plaintiff's publicity claim does not fall within the exclusive subject matter of the copyright, at least at the pleading stage. In contrast to the plaintiff in *Jules*, here plaintiff's publicity claim is not entirely based on the alleged unauthorized distribution of the copyrighted material. Rather, the essence of plaintiff's publicity claim is that defendants misappropriated plaintiff's name and likeness in various promotional materials, including their website. Accordingly, defendants' motion to dismiss plaintiff's right of publicity claim is **DENIED**.

9

**10.    VIOLATION OF LANHAM ACT.**

Section 43(a) of the Lanham Act forbids the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and service. *Smith v. Montoro*, 648 F.2d 602, 605 (9th Cir. 1981). 15 U.S.C. 1125(a) provides:

> Any person who shall affix, apply, or annex, or use in connection with any goods or services a false designation of origin or representation and shall cause such goods to enter into commerce shall be liable to a civil action by any person who believes that he or she is likely to be damaged by the use of such false designation or representation.

Plaintiff argues that by using his name, likeness, and musical works within the promotion of defendants' business and record label, defendants have deceived the public into believing that plaintiff is affiliated and/or participating in the promotion, constituting false designation of origin, false representation, and false description (First Amd. Compl. ¶¶ 54–55). Additionally, plaintiff's complaint alleges that defendants have deceived and confused the public into believing that defendants have the authority and consent to sell and/or distribute plaintiff's musical compositions, constituting unfair competition (First Amd. Compl. ¶ 59).

Although defendants are correct in their argument that plaintiff's complaint "wholly fails to explain how a false designation of origin has occurred," plaintiff has adequately pled a claim for relief for false representation in advertising/promotion, at least at the pleading stage. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (1992). Accordingly, defendants' motion to dismiss plaintiff's claim for relief under the Lanham Act is **DENIED**.

**11.    UNJUST ENRICHMENT AND RESCISSION.**

Plaintiff incorrectly pleads both unjust enrichment and rescission as claims for relief in his first amended complaint. Although plaintiff acknowledges in his opposition that unjust enrichment is not an independent claim for relief, neither is rescission. *See Nakash v. Superior Court*, 196 Cal. App. 3d 59, 70 (1987) ("[r]escission is not a cause of action; it is a remedy"). Accordingly, defendants' motion to dismiss plaintiff's unjust enrichment and rescissions claims are **GRANTED**. This is without prejudice to a possible disgorgement and/or rescission order as a form of relief.

**12.    PUNITIVE DAMAGES.**

Defendants contend that plaintiff's request for punitive damages must be dismissed as inadequately pled. This order disagrees. Defendants contend that plaintiff has not met the pleading standard mandated by California Civil Code Section 3294. In federal court, while Section 3294 governs the substantive standard to obtain punitive damages for state law claims, the Federal Rules of Civil Procedure governs the pleading standard. A plaintiff's short and plain request for punitive damages that is supported by plausible allegations is therefore sufficient to survive a motion to dismiss. Accordingly, defendants' motion to dismiss plaintiff's prayer for punitive damages is **DENIED**.

## CONCLUSION

Defendants' motion to dismiss plaintiff's first amended complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file a second amended complaint. A proposed amended complaint must be appended to the motion and plaintiff must plead his best case. Any such motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. The opposition shall answer for any motion to dismiss so if the amendment is allowed, no more Rule 12(b)(6) motions will be allowed. The hearing set for November 1, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 25, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11