John F. Henning III (Bar No. 188416)
Attorney at Law
1337 Oak Street
San Francisco, CA 94117
Tel: (415) 255-7675
Fax: (415) 255-7676
Email: henninglawfirm@hotmail.com

Attorney for Defendant/Counterlcaimant FARM HAND PRODUCTIONS, INC., dba FUTURE FARMER RECORDINGS
And Defendant DENNIS MITCHELL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WARD, an individual,<br><br>           Plaintiff,<br><br>     vs.<br><br>DENNIS MITCHELL; FARM HAND PRODUCTIONS, INC., DBA FUTURE FARMER RECORDINGS, and DOES 1-50, inclusive.<br><br>           Defendants. | Case No: CV-12-3932 NC<br><br>**DEFENDANT FARM HAND PRODUCTIONS, INC.'S, MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF MATTHEW WARD'S MOTION TO DISMISS**<br><br>**Date: April 10, 2013**<br>**Time: 1:00 p.m.**<br>**Courtroom: 15th Floor, Courtroom A**<br>**Judge: The Honorable Nathanael Cousins,**<br>     **United States Magistrate Judge**<br><br>**Complaint Filed: July 26, 2012**<br>**First Amended Complaint Filed: August 1, 2012**<br>**Trial Date: Not Set** |

# I. FACTUAL AND PROCEDURAL BACKGROUND

As set forth in Defendant and Counterclaimant Farm Hand Production, Inc.'s (hereinafter Farm Hand) Counterclaim, Plaintiff approached Defendant Farm Hand Productions, Inc., in 2001 and requested that Farm Hand release, sell, and distributed Plaintiff's album "End of Amnesia," which contained various musical compositions by the Plaintiff. The parties then agreed to a written contract and have been operating under that contract for about a decade. Pursuant to the contract, Corporate Defendant Farm Hand Productions had the right to manufacture, sell and distribute Plaintiff Ward "End of Amnesia" album and the 14 songs contained therein.

Defendant Farm Hand and Plaintiff worked under and agreed to a written contract for the sale and distribution of the End of Amnesia album. Although the record contract was not actually executed by the parties, the parties operated under the record contract as if it were signed.

Plaintiff failed to register the copyrights for the End of Amnesia album until June 16, 2005. Two days prior to that, on June 14, 2005, Plaintiff's attorney Brian McPherson sent a cease and desist notice to Defendants, claiming that Defendants were somehow violating Plaintiff's copyright and even acknowledging that Farm Hand Productions, Inc., had prior copyright.

Plaintiff Matthew Ward then filed a lawsuit in San Francisco Superior Court on December 12, 2011, making similar and identical allegations against these two Defendants. (See Defendant's Motion to Dismiss, Ex. 2 to Defendant's Request for Judicial Notice, "Ward v. Mitchell Complaint and Amendment.") The lawsuit was dismissed in it is entirety on June 25, 2012. (See Defendant's Motion to Dismiss, Ex. 3 to Defendant's Request for Judicial Notice, "Dismissal of Ward v. Mitchell Complaint.")

1  Plaintiff Ward then filed the present lawsuit in the United States District Court. Defendant
2  and Counterclaimant Farm Hand then filed the instant Counterclaim against Plaintiff Matthew
3  Ward. The key factual allegations are set forth on pages 10-12 of the Counterclaim.

### III. LEGAL ARGUMENT

**A. Legal Grounds for Motion to Dismiss.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Parks School of Business v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of a complaint are to be taken as true and considered in the light most favorable to the nonmoving party. United States v. Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir. 2011). The complaint need only contain sufficient factual matter to "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

At the outset, it should be noted that Plaintiff Ward's Motion to Dismiss Counterlclaim contains many facts (Ward's Memo. of P&A's, p. 6-9) which are simply not a part of the pleadings or otherwise judicially noticed. As such, Ward's Motion to Dismiss improperly relies upon purported "facts" that are not part of the record and should be ignored for purposes of testing the legal sufficiency of the claims set forth in Farm Hand's Counterclaim.

**B. Most of the Key Issues in Plaintiff's Present Motion to Dismiss Have Been Addressed and Ruled On By the Honorable District Judge William Alsup's Order of October 25, 2012.**

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata applies when, as between two (or

more) actions, there is "'an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" Id.  Collateral estoppel, or issue preclusion, bars "relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." Shaw v. Hahn, 56 F.3d 1128, 1131 (9th Cir. 1995).

These two concepts come to be pertinent here because the present Counterclaim contains many of the same causes of action contained in the Plaintiff Matthew Ward's First Amended Complaint.  Judge Alsup's October 25, 2012 Order (Dkt. 25.) addressed Defendant Farm Hand's Motion to Dismiss this First Amended Complaint, and in doing so ruled upon many of the issues now present in Plaintiff Ward's Motion to Dismiss.

**C. Defendant Properly Set Forth a Cause of Action for Unfair Competition Under California Business and Professions Code Section 17200.**

The Counterclaim sufficiently alleges that Farm Hand has "suffered injury in fact and has lost money or property as a result of unfair competition." (Counterclaim, p. 13, para. 14.)  The Counterclaim alleges, as required, that Ward violated other laws; see, e.g., violation of 17 U.S.C. Sections 101, and 106(3) and (5) on p. 14, para. 23, and the allegations of fraud.

Plaintiff Ward's argument regarding the statute of limitations barring Farm Hand's cause of action is without merit.  Farm Hand's Counterclaim in this case states a claim "which at the time of serving the pleading the pleader has against [the] opposing party" that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." FRCP 13(a).  Therefore, it is a compulsory counterclaim which is not barred by the statute of limitations. See also Hartford v. Gibbons & Reed Co., 617 F.2d 567, 570 (10th Cir.1980); Kirkpatrick v. Lenoir County Bd. of Educ., 216 F.3d 380, 387-88 (4th Cir.2000).

As applied not only to this, but all of the other causes of action, the Court cannot properly find that Plaintiff Ward's claims, which arise out of transactions that occurred over 10 years ago, are within the statute of limitations, but that somehow Farm Hand's claims arising out of the same facts are barred by the statute of limitations.

**D.  Defendant Farm Hand Properly Set Forth a Cause of Action for Fraud.**

"The elements of fraud, which give rise to the tort action for deceit, are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Orient Handel v. United States Fid. & Guar. Co., 192 Cal.App.3d 684, 693 (1987). The facts and allegations set forth in the Second Counterclaim against Matthew Ward more than adequately satisfy this standard.  (Counterclaim, page 10-12, and pg. 13-14, paras. 16-20.)

Keeping in mind that Ward's Complaint alleges, in an inconceivable and incredulous fashion, that he was defrauded for a decade without realizing it, the Court should not hold Farm Hand to a stricter pleading standard, especially on this fraud cause of action.

**E. Defendant Farm Hand Properly Set Forth a Cause of Action for Copyright Infringement.**

As set forth in Judge Alsup's Order, establishing a copyright claim merely involves establishing "(1) ownership of the copyright in questions; and (2) that defendants violated one of the exclusive rights granted to the copyright's holder. 17 U.S.C. 501(b)."  (10/25/2012 Order, 6:12-14.) Defendant's Counterclaim does allege these two required elements when it sets forth that Farm Hand owns the copyrights at issue, or, at the very least, has a "non-exclusive copyright license." (Counterclaim, p. 14, para. 22.)

Plaintiff Ward improperly assumes that the mere fact that he registered the copyright for "End of Amnesia," that he is the undisputable owner of the copyright. That argument is not supportable since the registering of a copyright is no guarantee of actual copyright ownership. The battle over ownership of a copyright is something for a trier of fact to decide, or, possibly something to be decided at the summary judgment stage. Plaintiff Ward is unfairly attempting to seek a premature resolution of this issue by precluding Defendant Farm Hand from alleging copyright infringement. Trial or summary judgment is the proper procedural avenue for such a finding, as the presumptive validity of the certificate may be rebutted and defeated on summary judgment. Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1322 (9th Cir.1986), cert. denied, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987).

Plaintiff Ward's position incorrectly assumes that a party has to be a copyright owner in order to bring a copyright infringement claim, but that is not the law. Ward represents that the Copyright Act requires registration before suing for copyright infringement, citing to Reed Elsevier v. Muchnick, 130 S.Ct. 1237, 1241 (2010). However, that case did not establish such a holding. To the contrary, the Supreme Court left it an open question: "We also decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . .district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works." Reed Elsevier, at 1249. Again contravening Ward's position, the Supreme Court also noted: "Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338. But neither § 1331, which confers subject-matter jurisdiction over questions of federal law, nor § 1338(a), which is specific to copyright claims, conditions its jurisdictional grant on whether copyright holders have registered their works before suing for infringement." Reed Elsevier, at 1246.

Finally, the Ninth Circuit has established that grants of nonexclusive copyright licenses need not be in writing, and may be granted orally or by implication. <u>Asset Marketing Systems, Inc. v. Gagnon</u>, 542 F.3d 748 (9th Cir. 2008), As such, even if Farm Hand did not own the copyrights at issue, but was only a licensee, a copyright infringement suit is still proper.

**F. Defendant's Farm Hand's Counterclaim Properly Set Forth a Cause of Action for Conversion.**

The Counterclaim (at pg. 10-12, and15) properly alleges the elements required by law: "(1) his ownership of or right to possess the property at the time of conversion; (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act; and (3) damages. <u>Messerall v. Fulwider</u>, 199 Cal. App .3d 1324 (1988). (10/25/2012 Order, 5:21-24.) In pertinent part, the Counterclaim alleges that Farm Hand owns the musical compositions of end of Amnesia and two other musical albums and that Counterdefendant Ward improperly converted the two albums due under the contract by providing the master recordings. to another record label. These allegations are at least as specific as the allegations of conversion made by Plaintiff Ward in his First Amended Complaint, and therefore are sufficient.

**G. Defendant's Farm Hand's Counterclaim Properly Set Forth a Cause of Action for Breach of Written Contract.**

A complaint for breach of contract must include the following: (1) the existence of a contract, (2) plaintiff's performance or excuse for non- performance, (3) defendant's breach, and (4) damages to plaintiff therefrom. <u>Acoustics, Inc. v. Trepte Construction Co.</u>, 14 Cal.App.3d 887, 913 (1971). Counterclaimaint's allegations satisfy this standard. (Counterclaim, pg. 16, para. 31-34.) These have all been properly alleged in the Counterclaim. Defendant Farm Hand has a copy of the written contract and seeks leave to provide it as an attachment to the Counterclaim if the Court finds that

necessary.

### H. Defendant's Farm Hand's Counterclaim Properly Set Forth a Cause of Action for Breach of Oral Contract.

Courts have stated that the issue of whether a contract is sufficiently definite is a question of law for the court. Ladas v. California State Automobile Assn.,19 Cal.App.4th 761, 770, fn. 2 (1993); Ersa Grae Corp. v. Fluor Corp., 1 Cal.App.4th 613, 623 (1991).  See also Judge Alsup's order finding that the bare bones allegations of breach of oral contract by Plaintiff Ward were sufficient. (Alsup's Order, p. 3-4.)

Counterclaimant Farm Hand acknowledges that two separate oral contracts are alleged, and therefore seeks leave to amend the allegations to properly articulate the separate contracts in two separate causes of action. However, no written contract is required, as the Ninth Circuit has established that grants of nonexclusive copyright licenses need not be in writing, and may be granted orally or by implication. Asset Marketing Systems, Inc. v. Gagnon, 542 F.3d 748 (9th Cir. 2008), As such, even if Farm Hand did not own the copyrights at issue, but was only a licensee, a copyright infringement suit is still proper.

### I. Defendant and Counterclaimant Farm Hand Should Be Granted Leave to Amend.

Farm Hand seeks leave to amend should any allegations be viewed as inadequate or otherwise insufficient. See, e.g., Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

### III. CONCLUSION

Farm Hand's Counterclaim is more than adequately sufficient to withstand Ward's Motion to dismiss, especially when analyzed in comparison to the vague, contradictory, and nebulous allegations in Ward's Second Amended Complaint. The Counterclaim more than satisfies the federal pleading requirements set forth in Twombly and Iqbal.

Dated:  March 20, 2013                        Respectfully submitted,


                                              By:  _____/S/_____
                                                        John F. Henning III
                                                        Attorneys for Defendant Farm Hand
                                                           Productions, Inc.