UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW WARD,<br><br>             Plaintiff,<br><br>      v.<br><br>DENNIS MITCHELL; FARM HAND PRODUCTIONS, INC., DBA FUTURE FARMER RECORDINGS, and DOES 1-50, inclusive<br><br>             Defendants. | Case No. 12-cv-3932 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WARD'S MOTION TO DISMISS FARM HAND'S COUNTERCLAIMS**<br><br>Re: Dkt. Nos. 46, 47 |

In this copyright infringement action, plaintiff and counter-defendant Matthew Ward moves to dismiss defendant and counter-claimant Farm Hand Productions, Inc.'s counterclaims pursuant to Rule 12(b)(6). This Court has jurisdiction under 28 U.S.C. § 636(c) as both parties have consented to proceedings before a magistrate judge. *See* Dkt. Nos. 9, 15. For the reasons set forth below, the motion is GRANTED IN PART with leave to amend, and DENIED IN PART.

## I. BACKGROUND

**A.    Farm Hand's Allegations**

Farm Hand Productions, Inc. is a California corporation based in San Francisco, California. Dkt. No. 40 at 10. Defendant Dennis Mitchell is president of Farm Hand. Dkt. No. 25 at 1. Matthew Ward is an individual who resides in Portland, Oregon. Dkt. No. 40 at 10. In its

Case No. 12-cv-3932 NC
ORDER GRANTING MOT. TO DISMISS
IN PART AND DENYING IN PART

counterclaims, Farm Hand alleges that Ward approached Farm Hand around early 2001, which resulted in an agreement where Ward would provide musical compositions on a work for hire basis. *Id.* Alleged terms included that Ward would get a portion of the profits from the sale and distribution of the album *End of Amnesia*, at a 75% mechanical rate and 18% royalty basis from the sale of that album. *Id.* Ward would provide two additional musical albums for which he would get a portion of the profits at the same mechanical and royalty rate. *Id.* Ward would also receive recording advances preceding the recording of each album. *Id.* In return, Farm Hand would manufacture Ward's album *End of Amnesia*, and would release, promote, sell, and distribute all three albums. *Id.*

Farm Hand alleges that around January 2001, it presented "a standard three-album written contract" for Ward to sign. Pursuant to Ward's request, the contract was modified to reflect an 18% royalty basis instead of the usual 16% royalty basis. *Id.* Also pursuant to Ward's request, he was allowed to retain rights outside the United States for *End of Amnesia*. *Id.* Farm Hand alleges that "Ward avoided actually providing a signature to the written contract" but the terms were orally agreed between the two parties. *Id.* Ward allegedly manufactured excuses not to sign the contract, because he "was intending to defraud Defendants and because he wanted to enjoy the benefits of the contract without any of the obligations." *Id.* at 10-11. Farm Hand alleges that despite the lack of signature, the parties have been operating under the contractual terms for over a decade, and both parties worked under the terms of the written contract for the sale and distribution of the *End of Amnesia* album. *Id.* at 11. Farm Hand alleges that, since 2001, Ward has accepted advances and royalty checks from Farm Hand, totaling approximately $40,000. *Id.* Farm Hand has provided accountings as required by the agreement. *Id.* Farm Hand also provided Ward with $3,500 for his tour. *Id.*

Farm Hand further alleges that since 2001, Ward negotiated with various entities for the delivery and release of the second and third musical albums. *Id.* Ward's wife, who Farm Hand alleges was his agent, announced via e-mail that the second album was delivered to and released by Merge Records. *Id.* Despite this, Ward allegedly sent Farm Hand artwork and rough mixes of the second record, but did not send the original masters. *Id.* Both the second album, *Transfiguration of*

*Vincent,* and the third album, *Transistor Radio,* were delivered to Merge Records, and released in 2003 and 2005. *Id.*

Ward registered the copyrights for the *End of Amnesia* album on June 16, 2005. *Id.* Two days prior to that, Ward's attorney sent a cease and desist notice to Farm Hand claiming violations of Ward's copyright. *Id.* at 11-12. Farm Hand alleges that for the past five years, Ward, individually and through his agents, attempted to negotiate a business deal where Ward would purchase all rights to the *End of Amnesia* album and recordings from Farm Hand. *Id.* at 12. In July 2011, Ward made an offer of $150,000 for these rights, which Farm Hand accepted. *Id.* Ward, however, allegedly reneged on the deal, and brought suit to pressure Farm Hand to give up its rights, and accept a lower price. *Id.*

**B.     Procedural History**

Ward initially filed a lawsuit in December 2011 in San Francisco Superior Court, alleging that Farm Hand distributed and sold Ward's copyrighted material without a license. Dkt. No. 17 at 2. Following Farm Hand's demurrer arguing that the complaint must be dismissed because the claims arose under federal law, Ward dismissed the state action without prejudice. *Id.* The state court dismissed the action in its entirety in June 2012. *Id.* Ward then commenced this action against Farm Hand and Dennis Mitchell on July 26, 2012. Dkt. No. 1. On August 1, 2012, Ward filed an amended complaint. Dkt. No. 3. On August 27, 2012, Farm Hand filed a motion to dismiss. On October 25, 2012, Judge Alsup granted in part and denied in part the motion to dismiss. Dkt. No. 25. The case was reassigned to this Court on November 19, 2012. Dkt. No. 32. Following the filing of the second amended complaint, Farm Hand filed its answer on February 11, 2013, and brought several counterclaims against Ward. Dkt. No. 40. The counterclaims include: (1) Violation of Business and Professions Code § 17200; (2) Fraud; (3) Copyright Infringement; (4) Conversion; (5) Breach of Written Contract; and (6) Breach of Oral Contract. *Id.* at 13-17. On March 4, 2013, Ward moved to dismiss these claims under Rule 12(b)(6). Dkt. No. 46.

**C.     Judicial Notice**

In connection with his motion to dismiss, Ward also requested this Court to take judicial notice of a certificate of registration for *End of Amnesia* sound recordings, and a certificate of

registration for *End of Amnesia* musical compositions. Dkt. No. 47. The Court takes judicial notice of the registration certificates under Federal Rule of Evidence 201. The Court, however, does not rely on the registration certificates in adjudicating Ward's motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

**A.     Farm Hand Fails to State a Claim for Fraud.**

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Mere conclusory

Case No. 12-cv-3932 NC
ORDER GRANTING MOT. TO DISMISS            4
IN PART AND DENYING IN PART

allegations of fraud will not suffice. *Bosse v. Crowell Collier & Macmillan*, 565 F.2d 602, 611 (9th Cir. 1977).

Farm Hand alleges in conclusory fashion that "Ward's acts and omissions consisted of (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Dkt. No. 40 at 13. This mere recitation of the legal elements does not come even close to stating a claim for fraud. The general allegations, incorporated by reference in the fraud counterclaim, state that Ward "avoided" signing the agreed-upon contract and "kept manufacturing excuses not to sign . . . because he was intending to defraud Defendants." *Id.* at 10. Farm Hand, however, does not allege that Ward misrepresented he would sign the written agreement, and goes on to allege that "[n]otwithstanding the foregoing, the parties operated under the record contract as if it were signed," and "have been operating under that contract for over a decade." *Id.* at 11. While Farm Hand states that the alleged misrepresentations "were made by Matthew Ward," neither Farm Hand's fraud claim, nor its general allegations, allege to whom the misrepresentations were made, or the "time, place, and specific content" of the misrepresentations. For these reasons, Ward's motion to dismiss Farm Hand's fraud claim is granted with leave to amend.

**B.    Farm Hand Fails to State a Claim for Copyright Infringement.**

Farm Hand alleges that Ward is infringing its copyrights in the two subsequent albums by manufacturing, advertising, displaying, promoting, marketing, selling, and/or distributing them, including by releasing the undelivered two albums to Merge Records, without any permission, license, or authorization from Farm Hand. Dkt. No. 40 at 14. Farm Hand further alleges that the copyrights at issue are owned by Farm Hand "as they were created under a work for hire arrangement." *Id.* Alternatively, Farm Hand alleges that it has a non-exclusive copyright license to the compositions and sound recordings of *End of Amnesia* as well as the two subsequent albums. *Id.*

Farm Hand's pleading fails to state a copyright infringement claim for at least two reasons. First, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).

The Ninth Circuit has held that registration is an element of an infringement claim. *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-16, 619 (9th Cir. 2010) ("[R]egistration is required for U.S. works prior to bringing any infringement action."); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998) ("Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright.").

In its opposition, Farm Hand relies on *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 (9th Cir. 1986) for the notion that because summary judgment is the proper procedural avenue for a finding of ownership, a certificate of registration is not required. Dkt. No. 48 at 6. Farm Hand's reliance on *Seiler* is misplaced. *Seiler* examines the admissibility of a certificate of registration for reconstructed works of originals under 17 U.S.C § 410(c). *Id.* at 1322. It does not speak to the § 411 requirement for registration or pre-registration as a prerequisite to bringing a copyright infringement claim. Farm Hand also argues that the registration requirement is unnecessary because the Supreme Court, in *Reed Elsevier v. Muchnick*, 130 S. Ct. 1237, 1249 (2010), "decline[d] to address whether § 411(a) registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." Dkt. No. 48 at 6. Farm Hand's reliance on *Reed Elsevier* is likewise unavailing. Here, the registration requirement was raised by way of a motion to dismiss, not *sua sponte*. Moreover, while the Supreme Court held that the registration requirement does not deprive a federal court of *jurisdiction* to adjudicate a copyright infringement claim, it reaffirmed that § 411(a) does impose a precondition to filing a claim. *Reed Elsevier*, 130 S. Ct. at 1247-48. Farm Hand thus fails to state a claim because it does not allege preregistration or registration of the copyrights for the two albums at issue.

Second, to establish infringement, a plaintiff must prove, among other things, ownership of a valid copyright. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Farm Hand alleges that it owns the copyright to the two subsequent albums because Ward created them under a "work for hire arrangement." Dkt. No. 40 at 14. 17 U.S.C. § 101 defines work for hire as "a work prepared by an employee within the scope of his or her employment" or a work specially ordered or commissioned in a written instrument signed by the parties expressly agreeing the work is

considered work for hire. Here, Farm Hand does not allege either the requisite employee relationship, or the existence of a signed written instrument expressly designating the two albums as work for hire. Further, Farm Hand alleges that while there is a written contract, the contract is not signed by Ward. *Id.* at 10-11. Farm Hand thus fails to sufficiently plead ownership of the copyrights under a work for hire theory.

Farm Hand's attempt to plead copyright ownership based on a non-exclusive copyright license to the two albums also fails. *Id.* at 10. A non-exclusive license does not confer a right of ownership for the purposes of a copyright infringement claim. 17 U.S.C. § 101 defines a "transfer of copyright ownership" as "an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect" but expressly excludes "a nonexclusive license." *See also* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."). Accordingly, Ward's motion to dismiss Farm Hand's copyright infringement claim is granted with leave to amend.

**C.    Farm Hand Fails to State a Claim for Conversion.**

A conversion occurs where someone wrongfully exercises dominion over the property of another. *Greka Integrated, Inc. v. Lowry*, 133 Cal. App. 4th 1572, 1581 (2005). Farm Hand's conversion claim is based on the allegations that Ward improperly and illegally delivered the masters of the two albums to Merge Records, and illegally converted the copyrights, rights of publicity, and other related intellectual property rights related to those two albums. Dkt. No. 40 at 15.

To the extent this conversion claim is based on the alleged conversion of distribution, sale, or licensing rights, it is preempted. The Copyright Act preempts a state law claim under 17 U.S.C. § 301(a) if (1) the work involved falls within the general subject matter of the Copyright Act as specified by §§ 102 and 103, and (2) the rights that the plaintiff asserts under state law are equivalent to those protected by the Copyright Act in § 106 in works of authorship that are fixed in a tangible medium of expression. Farm Hand's conversion claim for damages associated with the

intellectual property rights is preempted under § 301(a) because the works fall within the general subject matter identified in 17 U.S.C. § 102 as musical works and sound recordings. In addition, the rights asserted by Farm Hand "to all profits and/or income that derives for the distribution and/or sale and/or licensing" of the albums are equivalent to those protected by 17 U.S.C. §106. As such, Farm Hand's conversion claim for profits from distribution of the albums is preempted.

On the other hand, conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted. *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984). Copyright preemption, therefore, does not apply to Farm Hand's claim for conversion of the master recordings. That claim, however, is not adequately plead because Farm Hand fails to allege ownership of, or right to possess the property at the time of conversion, which is an element of a claim for conversion. *Greka Integrated, Inc.*, 133 Cal. App. 4th at 1581. Farm Hand alleges in conclusory fashion that it owns "all musical compositions, sound recordings, and copyrights" of the three albums. Dkt. No. 40 at 15. Farm Hand, however, does not sufficiently allege ownership of the master recordings. While the general allegations state that Ward was to provide the albums on a "work for hire basis," the work for hire agreement is invalid without a signed written instrument, as discussed above. *See id.* at 10. Farm Hand does not allege that the non-exclusive license it asserts "in the alternative" granted ownership of, or right to possess, the master recordings to Farm Hand. *See id.* at 10, 14.

Finally, "[a] specific and identified amount of money can form the basis of a conversion claim, but when the money is not identified and not specific, 'the action is to be considered as one upon contract or for debt and not for conversion.'" *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1024 (N.D. Cal. 2008) (citing *Baxter v. King*, 81 Cal. App. 192, 253 (1927)). While Farm Hand does allege that Ward's wrongful conversion caused it damage, it does not allege "a specific and identified amount of money." For the foregoing reasons, Ward's motion to dismiss Farm Hand's claim for conversion is granted with leave of amend.

**D.     Farm Hand Sufficiently Pleads a Claim for Breach of Oral Contract.**

Farm Hand alleges breach of two different oral contracts. Dkt. No. 40 at 16. The first contract mirrors the written contractual terms alleged in Farm Hand's general allegations. *Id.* The

alleged contract is based on a work for hire agreement, or alternatively, an agreement for a non-exclusive license. *Id*. at 10, 14 (incorporated by reference in Farm Hand's breach of oral contract claim). To the extent the contract is premised on a work for hire agreement, Farm Hand must allege a signed writing expressly providing that the work is considered work for hire. *See* 17 U.S.C. § 101. Because a signed writing is required, an oral contract is insufficient to state a claim.

To the extent Farm Hand alleges an oral contract based on its non-exclusive license theory, it sufficiently states a claim. "The standard elements of a claim for breach of contract are (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010). Here, Farm Hand alleges that it "had and still has a non-exclusive copyright license to the compositions and sound recordings of End of Amnesia as well as the two albums that have not yet been delivered." Dkt. No. 40 at 14. Ward allegedly breached the contract by failing to deliver the masters for the two subsequent albums, failing to promote *End of Amnesia*, and to provide profits from song placements and other licensing and partnership opportunities. *Id.* at 16. Farm Hand also alleges that it "performed all of the acts, covenants and conditions to be performed under the agreement," and has suffered damages in the form of lost income, profits, and royalties, as a result from the breach. *Id.* at 16-18. While these allegations are sparse, they sufficiently plead a breach of an oral contract.

Ward argues that, under *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199 (2006), the contract must be plead specifically. Dkt. No. 46 at 21. Ward's reliance on *Bustamante* is unavailing. *Bustamante* does not discuss pleading standards, but rather, the necessary elements to *enforce* a contract claim. 141 Cal. App. 4th at 209. On this record, the Court cannot determine that the contract "is so uncertain and indefinite" that the contract is void and unenforceable. *See id.*

Ward's assertion that the breach of oral contract claim is barred by the statute of frauds is also unpersuasive. The statute of frauds provides that an agreement that "by its terms is not to be performed within a year" is invalid unless memorialized in a writing subscribed by the party to be charged with performance of the obligation, i.e. the defendant. Cal. Civ. Code § 1624(a)(1);

Case No. 12-cv-3932 NC
ORDER GRANTING MOT. TO DISMISS
IN PART AND DENYING IN PART            9

*Meadows v. First Am. Tr. Servicing Solutions, LLC*, No. 11-cv-5754 YGR, 2012 WL 3945491, at *3 (N.D. Cal. Sept. 10, 2012) (citations omitted). It is a well-established rule in California that if, by the contractual terms, performance of the contract is possible within one year, the contract does not fall within the statute of frauds even though it is probable that it will extend beyond one year. *Hopper v. Lennen & Mitchell*, 146 F.2d 364, 366 (9th Cir. 1944). The contract need not expressly stipulate that the contract shall be completed within one year. *Id.* at 368. Rather, the key issue is whether it is possible that the terms could be performed within one year. *Id.* ("The contract is valid, even though it may not be performed, or is not likely to be performed, within a year.").

Ward asserts that because the terms of the contract, specifically the payment of royalties, require performance that would extend past one year, it implicates the statute of frauds. Dkt. No. 46 at 22. Farm Hand alleges that the parties agreed for Ward to deliver three albums to Farm Hand, and that Ward would be paid an 18% royalty on all sales of *End of Amnesia* and the two subsequent albums. Dkt. No. 40 at 10. Ward does not explain why it is impossible to deliver the three albums, and collect all royalties generated by the three albums within a year. Further, there is no allegation as to the duration of the agreement, or the parties' rights to terminate. Based on the current allegations, the Court cannot determine that the terms of the agreement preclude performance within a year, or that the parties otherwise intended the terms to carry over one year. Thus, at this pleading stage, the Court cannot find that the statute of frauds bars Farm Hand's contract claim.

The second oral contract alleged by Farm Hand arises out of the parties' negotiations of a business deal whereby Ward would purchase all the rights to the *End of Amnesia* album and recordings from Farm Hand. Dkt. No. 40 at 12, 16-17. Farm Hand alleges that, in July 2011, Ward made an offer of $150,000 for those rights, that this offer was accepted by Farm Hand, but that Ward reneged on the deal. *Id.* at 12. A transfer of ownership, however, requires a signed written instrument. 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."). Therefore, Farm Hand fails to state a claim for breach of oral contract on this theory.

Accordingly, Ward's motion to dismiss Farm Hand's breach of oral contract claim is

granted in part and denied in part. To the extent that the oral contract claim is premised on the work for hire theory, the motion to dismiss is granted with leave to amend. To the extent that the oral contract claim is premised on the non-exclusive licensing agreement, the motion to dismiss is denied. Ward's motion to dismiss Farm Hand's oral contract claim regarding the transfer of rights to the *End of Amnesia* album is granted with leave to amend.

### E. Farm Hand Sufficiently Pleads a Claim for Breach of Written Contract.

Farm Hand alleges that Ward and Farm Hand entered into a written contract, which Ward breached, and thus caused damages to Farm Hand. Dkt. No. 40 at 16. It is unclear whether this written agreement is a work for hire agreement or an agreement for a non-exclusive license. *See* Dkt. No. 40 at 14 (incorporated by reference in Farm Hand's breach of written contract claim). For the same reasons set forth above in connection with the oral contract claim, the Court finds that (1) Farm Hand fails to state a written contract claim based on a work for hire agreement because it does not allege the requisite signed writing, and (2) Farm Hand sufficiently pleads a written contract claim based on the alternative "non-exclusive license" agreement theory.

Ward asserts that Farm Hand's claim must fail because it failed to attach the contract or recite the terms verbatim in the complaint. Dkt. No. 46 at 17. In support of his argument, Ward relies on California pleading rules. *See Otworth v. Southern Pacific Transportation Company*, 166 Cal. App. 3d 452, 459 (1985); *Twaite v. Allstate Insurance Company*, 216 Cal. App. 3d 239, 252 (1989). Ward's reliance on California pleading rules is unavailing because federal rules of pleading apply in all civil cases. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). Thus, contrary to Ward's assertion, Farm Hand need not attach the contract to the complaint or incorporate the terms of the contract verbatim into the complaint. *See*, *e.g.*, *Riese v. Chase Home Fin., LLC*, No. 11-cv-3297 NJV, 2011 WL 4344590, at *2 (N.D. Cal. Sept. 13, 2011) (not requiring the attachment of contract to a complaint under federal pleading rules); *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, No. 05-cv-0917 CW, 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005) ("Federal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint."). Farm Hand has adequately plead the necessary terms because it alleges the legal effect of the contract, and provides sufficient notice to Ward to answer Farm Hand's claims.

Ward also asserts that because he did not sign the written contract, there may not be agreement or mutual assent. Dkt. No. 46 at 18. This raises a question of fact that cannot be determined at the Rule 12(b)(6) stage where all facts and inferences are to be considered in favor of the non-moving party, Farm Hand. It is not appropriate to adjudicate the factual question of whether there was mutual assent between the parties at this time.

Ward also asserts that a signed written instrument is required because Farm Hand alleges a copyright ownership transfer provision. Dkt. No. 46 at 19. It is unclear to the Court why the requirement of a signed written instrument for a copyright transfer provision is implicated for this claim. If Farm Hand pursues a non-exclusive licensing agreement theory, ownership would not be transferred. *See* 17 U.S.C. § 101 (definition for transfer of copyright ownership). As such, a signed writing is unnecessary.

Finally, Ward asserts that the statute of frauds applies here because performance would be impossible to complete within a year. Dkt. No. 46 at 19. As discussed above, because completion of performance appears possible within one year, the statute of frauds does not apply.

Therefore, Ward's motion to dismiss Farm Hand's breach of written contract claim is granted in part and denied in part. To the extent that the claim is premised on the work for hire agreement, the motion to dismiss is granted with leave to amend. To the extent that the claim is premised on the non-exclusive licensing agreement, the motion to dismiss is denied.

**F.    Farm Hand Fails To State a Claim for Violation of California Business and Professions Code § 17200.**

California Business and Professions Code § 17200 prohibits unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising. "Each prong of [§ 17200] is a separate and distinct theory of liability." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009). A claim based on the unlawful or unfair business and practice prong of § 17200 incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). Thus, the operative pleading must allege the way in which the practices violated the "borrowed" law by "stat[ing] with reasonable particularity the facts supporting the

statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 618-19 (1993). Finally, in order to state a claim under the fraudulent business act or practice prong of § 17200, a plaintiff must meet the heightened pleading standards for fraud mandated under Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor* Co. 567 F.3d 1120, 1125 (9th Cir. 2009).

Farm Hand alleges that "Matthew Ward violated Business & Professions Code Sec. 17200, et seq., which prohibits 'any unlawful, unfair or fraudulent' business practice." Dkt. No. 40 at 13. This terse recitation of the law is not sufficient. It is unclear whether Farm Hand's claim is based on each of the three prongs. Farm Hand does not specify which statute it is "borrowing" nor does it state what unlawful or unfair business practices Ward has engaged in. Moreover, to the extent Farm Hand intends to plead a claim under the fraud prong, it has not met the heightened pleading standards for fraud under Rule 9(b). As such, Ward's motion to dismiss Farm Hand's § 17200 claim is granted with leave to amend.

**G.   The Statute of Limitations Does Not Bar Farm Hand's Claims.**

Ward asserts that the statute of limitations should bar all of Farm Hand's claims. Dkt. No. 46 at 12, 15, 17, 20, 23; Dkt. No. 49 at 5. Because the Court finds that Farm Hand fails to allege sufficiently a number of its counterclaims, and because there are at least some alleged injuries that possibly could have occurred within the statute of limitations, the Court finds no necessity at this time for a determination regarding the statute of limitations given the lack of completeness in the record.

**H.   Res Judicata Does Not Apply.**

Farm Hand asserts that its counterclaims should not be dismissed because of res judicata and/or collateral estoppel. Dkt. No. 48 at 3-4. The basis for Farm Hand's assertion is that Judge Alsup has considered and decided Farm Hand's motion to dismiss Ward's first amended complaint, which purportedly contained "the same causes of actions." *Id.*; *see* Dkt. No. 25. Because Farm Hand alleges a different factual theory from Ward, and, thus, brings completely different claims, Judge Alsup's prior order does not bar Ward's motion to dismiss.

//

Case No. 12-cv-3932 NC
ORDER GRANTING MOT. TO DISMISS
IN PART AND DENYING IN PART     13

## IV. CONCLUSION

For the foregoing reasons, Ward's motion to dismiss is GRANTED IN PART with leave to amend, and DENIED IN PART. Farm Hand has 28 days from the filing date of this order to file amended counterclaims curing the defects described above.

IT IS SO ORDERED.

Date: April 24, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-3932 NC
ORDER GRANTING MOT. TO DISMISS
IN PART AND DENYING IN PART       14